Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| AGRIPINO ORTIZ MARTÍNEZ<br><br>**APELANTE**<br><br>v<br><br>EX PARTE | TA2025AP00072 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm. HU2025CV00615<br><br>Sobre: Declaratoria de Herederos |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de julio de 2025.

### I.

El 1 de julio de 2025, el señor Agripino Ortiz Martínez (señor Ortiz Martínez o apelante) presentó digitalmente un recurso de *Apelación* en el que nos solicitó que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI o foro primario), el 23 de mayo de 2025, notificada y archivada digitalmente en autos el 27 de mayo de 2025.[1] Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la petición de declaratoria de herederos presentada por el apelante.

A tenor con la Regla 7 (B)(5), de Reglamento del Tribunal de Apelaciones *In re* Aprobación de Enmiendas Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), resolvemos sin trámite ulterior en aras de lograr el más justo y eficiente trámite apelativo.

---

[1] Véase la Entrada Núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Caso (SUMAC) del TPI.

**II.**

El caso de marras tuvo su génesis el 13 de mayo de 2025, cuando el señor Ortiz Martínez presentó una *Petición de declaratoria de herederos*.[2] Según indicó, es co-dueño de derechos y acciones hereditarias en un inmueble que es objeto del caso núm. HU2023CV00330 y del cual la sucesión titular, la Sucesión de Carmen Antonia Ortiz Martínez, interesa vender. Alegó que, a pesar de realizar múltiples gestiones para que los hijos de uno de los herederos de la referida sucesión, quien también falleció, comparezcan al pleito, habiendo sido emplazados por edicto, no ha sido posible. Por ello, solicitó que se emita una declaratoria de herederos del causante José Fuentes, quien falleció el 30 de septiembre de 2018, en Bronx, New York, para poder completar el tracto registral y poder venderse la propiedad. Expuso que pudo obtener el certificado de defunción del causante José Fuentes, pero no los certificados de nacimiento de sus hijos.

El 23 de mayo de 2025, el TPI emitió una *Resolución*, sin trámite ulterior, en la que declaró No Ha Lugar la petición de declaratoria de heredero, dado a que no se incluyeron los certificados de nacimiento de los presuntos herederos, y ordenó el cierre y archivo del caso.[3]

Oportunamente, el 2 de junio de 2025, el apelante presentó una *Moción de reconsideración y solicitud de vista evidenciaria* para que se emita la declaratoria de herederos o, en la alternativa, se señale una vista evidenciaria.[4] Alegó que hizo gestiones extrajudiciales para llevar a cabo el proceso sucesoral correspondiente pero que, por la dejadez y falta de atención de los dos miembros de la sucesión de José Fuentes, no lo ha logrado. Por

---

[2] Véase Entrada Núm. 1 del expediente digital del caso en SUMAC-TPI.
[3] Véase Entrada Núm. 2 del expediente digital del caso en SUMAC-TPI. Notificada y archivada digitalmente en autos el 27 de mayo de 2025.
[4] Véase Entrada Núm. 3 del expediente digital del caso en SUMAC-TPI.

ello, manifestó que mediante una vista evidenciaria puede presentar prueba testifical sobre el hecho de que los señores Joseph A. Fuentes y Tresi Fuentes son los únicos herederos del causante.

Ese mismo día, el TPI emitió una *Orden* en la que declaró No Ha Lugar a la solicitud de reconsideración.[5]

Inconforme, el apelante acudió ante nos y formuló los siguientes señalamientos de error:

> **Primer error**: Erró el Tribunal de Primera Instancia e incurrió en abuso de discreción y error de derecho al no considerar la vía supletoria que el ordenamiento procesal le concede; afectando derechos sustanciales de la parte peticionaria-apelante y de la comunidad de bienes hereditaria.

> **Segundo error**: Erró el Tribunal de Primera Instancia en el uso de su discreción al utilizarlo como un escudo para denegar remedios sin ponderación de los intereses sustanciales en juego.

> **Tercer error**: Erró el Tribunal de Primera Instancia al negarse a ejercer su facultad discrecional conforme al Artículo 552 del Código Civil de Enjuiciamiento Civil de Puerto Rico (32 LPRA [sec.] 2301), al negarle al peticionario la oportunidad para establecer el hecho de la relación hereditaria de los heredero[s] biznietos de la causante, cuando no puede proveer los certificados de nacimiento; como ocurre en la tramitación rutinaria y demostrar que ha sido imposible conseguir tales dos certificados de nacimiento por razones que no le son imputables a los demás miembros de la sucesiones [sic] ni al peticionario.

> **Cuarto error**: Erró el Tribunal de Primera Instancia al rechazar de manera categórica, sin análisis de todos los documentos anejos a Petición y a la Moción de Reconsideración y sin considerar la multiplicidad de trámites sucesorales diligentemente llevados a cabo por la sucesión. Al así hacerlo sin análisis ni vista evidenciaria; violó principios de justicia sustantiva, especialmente en el contexto de procesos sucesorales, cuyo fin es precisamente evitar la indefensión o la paralización de tracto hereditario por tecnicismos.

> **Quinto error**: Erró el Tribunal de Primera Instancia ante el extenso trámite hereditario realizado al no conceder la vista evidenciaria antes de emitir juicio; transformando el procedimiento de declaratoria de herederos en un mecanismo que perpetua la indivisión del caudal o que congela los derechos legítimos de los demás miembros de la sucesión por la simple inacción de algún heredero; siendo la vista evidenciaria un remedio adecuado y accesible en

---

[5] Véase Entrada Núm. 4 del expediente digital del caso en SUMAC-TPI. Notificada y archivada digitalmente en autos el 3 de junio de 2025.

economía procesal a la comunidad hereditaria; sin siquiera reconocer el escollo al cual se enfrenta la sucesión que desconoce en cuál de los estados nacieron, tales dos herederos, desconocen fecha de nacimiento, desconocen el nombre de la madre, han realizado múltiples gestiones que incluyen emplazarlos por la vía judicial; sin éxito alguno y hasta han incumplido con orden judicial para proveer los certificados, tales herederos.

Alegó que, ante la falta de los dos certificados de nacimiento de los presuntos herederos del causante, como mínimo, merece ser oído por el tribunal en una vista evidenciaria. Arguyó que la ausencia de una declaratoria de herederos en este caso mantiene una sucesión en indivisión. Asimismo, adujo que la negativa del foro primario de considerar la aplicación del Artículo 552 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2301, y permitir prueba sustantiva privó a los demás miembros de la sucesión de acceso a la justicia y la culminación de un proceso judicial cuya resolución de declaratoria de herederos es requerida. Por esas razones, arguyó que el foro primario, al no considerar la vía supletoria, abusó de su discreción y erró en derecho. Por ello, nos solicitó que revoquemos la *Resolución* e instruyamos al foro primario a celebrar una vista evidenciaria en virtud del Artículo 552 del Código de Enjuiciamiento Civil, supra.

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

### III.

### A.

En nuestro ordenamiento jurídico para que los herederos de una sucesión intestada puedan obtener el título sobre los bienes que componen el caudal relicto, éstos deberán iniciar los trámites correspondientes en el tribunal mediante la presentación de una Declaratoria de Herederos, entiéndase una petición de herencia. A través de dicho trámite, se intenta garantizar la transmisión de los bienes relictos de las personas fallecidas a sus legítimos herederos

cuando no hay testamento válido otorgado. ***Pueblo v. Flores Betancourt***, 124 DPR 867, 879 (1989).

La Declaratoria de Herederos constituye prueba del título de los interesados en los bienes relictos cuando no existe testamento; cuanto éste es nulo o ineficaz en todo o en parte; o cuando no dispone todo el caudal. E. González Tejera, <u>*Derecho de Sucesiones Tomo I: La sucesión intestada*</u>, San Juan, Editorial de la Universidad de Puerto Rico, 2001, pág. 409.

El procedimiento de Declaratoria de Herederos es de jurisdicción voluntaria y está consagrado en los Arts. 552 y 553 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2301 y 2302. A tenor con el Art. 552, *supra*, cualquier persona con interés en la herencia puede solicitar al tribunal que declare quiénes son los herederos. Para ello debe presentar una solicitud juramentada en la cual declare que el finado murió intestado y se identifique quiénes son los herederos.

El mencionado estatuto expresamente, en lo aquí pertinente, dispone lo siguiente:

> **En casos de sucesión intestada** o de nulidad de un testamento, los que tengan algún interés en la herencia podrán dirigir una solicitud a la Sala del Tribunal de Primera Instancia del último domicilio del finado, o del lugar en donde se encuentren sus bienes, pidiendo se dicte el correspondiente auto de declaración de herederos.
>
> > (1) La solicitud declarará bajo juramento el fallecimiento de la persona de cuya sucesión se trate; (2) que, según el leal saber y entender del peticionario, quien expondrá el origen de sus informes y los fundamentos en que se apoya para creerlo, falleció sin dejar testamento; que se han hecho las investigaciones y registros correspondientes, sin encontrarlo, o si hubiere dejado testamento, que éste ha sido declarado nulo, [y]
> > (3) **los nombres y domicilios de las personas con derecho a la herencia o sucesión.**
>
> El juez a quien se hubiese presentado la solicitud examinará en el más breve término posible la prueba documental en que se apoya el peticionario y la certificación negativa del Registro de Testamentos en el Tribunal Supremo y, con el resultado de ella, dictará la resolución que proceda sin necesidad de celebrar vista; <u>o discrecionalmente podrá requerir prueba adicional</u> o <u>señalar vista de estimarlo procedente</u>. El auto se dictará sin perjuicio de tercero, a no

ser que se trate de herederos forzosos. (Énfasis y subrayado nuestro).

A esos efectos González Tejera expresa que "el tribunal debe declarar en el más breve término posible, quiénes son los herederos, sin necesidad de vista pública, cuando de los documentos que acompañan la solicitud se desprende claramente el derecho que se solicita". E. González Tejera, *op. cit.*, pág. 410.

**IV.**

En el caso de marras, el señor Ortíz Martínez alegó que el TPI erró al denegar la petición de declaratoria de herederos sin antes celebrar una vista evidenciaria, ante la imposibilidad de presentar los certificados de nacimiento de los presuntos herederos del causante. Sostuvo que dicha negativa, ante las circunstancias particulares del caso de marras, constituye una denegación arbitraria del debido proceso de ley.

Según surge del expediente, el apelante anejó a su petición de declaratoria de herederos varios de los documentos requeridos en apoyo de su solicitud. No obstante, indicó que no logró obtener los certificados de nacimiento de los presuntos herederos sobre los cuales alegó que le consta de propio y personal conocimiento que son los únicos herederos del causante José Fuentes. Ante la ausencia de dichos documentos, el foro primario rechazó de plano atender la petición y ordenó el cierre y archivo del caso.

Conforme al derecho antes pormenorizado, el Artículo 552 del Código de Enjuiciamiento Civil, *supra*, provee para que el TPI que evalúe una petición de declaratoria de herederos pueda, en caso de ser necesario para emitir una resolución conforme a derecho, requerir prueba adicional o celebrar una vista evidenciaria. La vista evidenciaria es necesaria en este caso

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resolvemos que el TPI

incidió en el error señalado dado a que tiene la potestad de señalar una vista evidenciaría en la cual se les permita a las partes desfilar su prueba para que, a base de la misma, se pueda emitir un dictamen conforme a derecho.

Considerando que el apelante esbozó haber realizado gestiones infructuosas para conseguir los documentos necesarios, a saber, los certificados de nacimiento de los presuntos herederos, el TPI debió otorgarle al señor Ortiz Martínez la oportunidad de ser oído. Además, el apelante señaló que los presuntos herederos fueron emplazados por edicto en el caso relacionado al inmueble de la sucesión, de la cual el aquí peticionario es parte, y estos no han comparecido.

**V.**

Por los fundamentos expuestos, se revoca la *Resolución* apelada y se devuelve el caso al TPI para que celebre la vista evidenciaria correspondiente y pueda dictar el remedio que corresponde, conforme a derecho.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones